IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Hartford Life and Accident Insurance Company, | ) ) ) | C/A No. 1:10-1955-MBS-PJG |
| Plaintiff and Stakeholder in Interpleader, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Wilson Smith, Jr.; Lauren Smith; Larson Smith; Wilson Smith, III; Arthur W. Rich, *as Special Administrator of the Estate of Ann Fox Smith*; | ) ) ) ) ) | |
| Defendants and Claimants in Interpleader. | ) ) | |

The plaintiff, Hartford Life and Accident Insurance Company ("Hartford"), filed this interpleader action seeking a determination of rights to insurance proceeds from a policy insuring the life of Ann Fox Smith. The dispute arises out of allegations that Wilson Smith, Jr., the primary beneficiary and the husband of the decedent, may be statutorily prohibited from benefitting from Mrs. Smith's life insurance and accidental death and dismemberment policy. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the parties' consent motion[1] to dismiss the plaintiff who, having deposited the funds in controversy with the court, seeks to be discharged from liability regarding the funds and dismissed from the case.

---

[1] Although a consent motion to dismiss a party generally would not require a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), the court views the parties' motion as one seeking injunctive relief, as Hartford requests a court order discharging it from any liability with regard to the funds at issue and enjoining the defendants from filing suit against it. Accordingly, the assigned magistrate judge is issuing this Report and Recommendation regarding the parties' motion rather than a consent order. See 28 U.S.C. § 636(b) (requiring a Report and Recommendation on motions to *involuntarily* dismiss and motions for injunctive relief).

Hartford also seeks the sum of $2,000.00 in attorneys' fees incurred in connection with the matter, to which the parties also consent. (ECF No. 41.)

Having carefully considered the parties' submissions and the applicable law, the court finds that the instant matter is within the court's subject matter jurisdiction. See Fed. R. Civ. P. 22; 28 U.S.C. §§ 1332, 1335(a); see generally 7 Charles Alan Wright et al., Federal Practice and Procedure § 1703 (3d ed. 2001). Hartford having deposited the disputed funds, the court recommends that Hartford be dismissed from this case and discharged from liability with regard to the payment of those funds. The court further recommends that the defendants be enjoined from filing suit against Hartford or otherwise seeking recovery against Hartford in connection with, related to, or arising from the distribution of proceeds under the policy resulting from the death of Mrs. Smith. See 28 U.S.C. § 2361. Hartford should be awarded the amount of $2,000.00 in attorneys' fees from the fund pursuant to the parties' agreement.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 5, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).